UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |
|---|---|
| Miguel Angel Quinones-Camacho, | Case No. 3:26-cv-628 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Toledo Properties Owner B LLC, *et al.*, | |
| Defendants. | |

## I.  INTRODUCTION

This matter is before me on Plaintiff Miguel Angel Quinones-Camacho's motion for a temporary restraining order and preliminary injunction.  (Doc. No. 4).  The motion follows the March 16, 2026 service of a writ of restitution, which is scheduled for execution on March 18, 2026, at Quinones-Camacho's residence in Toledo, Ohio.  (*Id.* at 1).  Quinones-Camacho seeks a temporary restraining order to stay the execution of the writ, a preliminary injunction to prohibit his removal from the premises, and asks I preserve the status quo until I conduct a hearing on his request for a preliminary injunction.  (*Id.* at 3).  For the reasons stated below, I deny the motion and dismiss this action for lack of jurisdiction.

## II.  BACKGROUND

Quinones-Camacho is a tenant in Toledo, Ohio, and currently a defendant in an eviction action at Toledo Municipal Court.  (Doc. No. 1 at 1, 3).  He alleges that Defendants Toledo Properties Owner B LLC, Monarch Investment and Management Group LLC, Trey Coburn, and

various "Doe" defendants improperly added late fees and other charges to his account, on top of his regular monthly rent.  (*Id.* at 2).  According to Quinones-Camacho, Defendants initiated eviction proceedings after he requested an audit and documentation to prove the validity of these fees.  (*Id.* at 2-3).  He contends this was done in retaliation for the request.  (*Id.* at 3).

On March 16, 2026, Quinones-Camacho filed suit in this Court, alleging Defendants' conduct violates § 3617 of the Fair Housing Act and several Ohio laws.  (*Id.* at 4-5).  Quinones-Camacho further alleges there is an accelerated eviction schedule following service of the writ of restitution which violates his Fourteenth Amendment right to due process.  (*Id.* at 5).

### III.    DISCUSSION

Quinones-Camacho is currently engaged in an active eviction case in Toledo Municipal Court.  *See Toledo Prop. Owner B LLC d/b/a Abbey Run Apartments v. Quinones-Camacho*, CVG-26-00793.  That posture directly implicates the abstention principles articulated in *Younger v. Harris*, 401 U.S. 37, 44-45 (1971).

Under *Younger*, federal courts must refrain from intervening in pending state judicial proceedings that implicate important state interests, absent a showing of "extraordinary circumstances."  *Id.*  Consistent with these principles, where a litigant is already in an ongoing state proceeding involving important state matters, he may not circumvent that process by filing a parallel action in federal court, raising claims that could have been raised in the state forum.  *Borkowski v. Fremont Inv. and Loan*, 368 F. Supp. 2d 822, 828 (N.D. Ohio 2005) (citing *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988)).  "If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceedings."  *Caroll v. City of Mount Clemens*, 139 F.3d 1072, 1074-75 (6th Cir. 1998) (citing *Watts*, 854 F.2d at 844-48).

The applicability of *Younger* abstention turns on three considerations: "'(1) whether the underlying proceedings constitute an ongoing state judicial proceeding; (2) whether the proceedings

2

implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge.'" *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) (quoting *Tindall v. Wayne Cnty. Friend of the Ct.*, 269 F.3d 533, 538 (6th Cir. 2001)) (further citation omitted).  With respect to the third factor, the burden rests on the plaintiff "to show 'that state procedural barred presentation of [its] claims.'" *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (quoting *Moore v. Simms*, 442 U.S. 415, 432 (1979)) (alteration in *Pennzoil Co.*).  Where a plaintiff has not attempted to raise such claims in the state proceeding, a federal court should presume that the state forum provides an adequate remedy unless there is "unambiguous authority to the contrary." *Id.* at 15.

Each of these factors supports abstention in this case.  First, Quinones-Camacho is actively engaged in eviction proceedings in Toledo Municipal Court.  Second, "eviction proceedings pending in a municipal court implicate important state interests." *McCoy v. Park Lane Manor LLC*, No. 5:24CV01843, 2025 WL 72611, at *3 (N.D. Ohio Jan. 10, 2025) (further citations omitted).  *See also Hackel v. N. Hill Farms I*, No. 25-10779, 2025 WL 935568, at *2 (E.D. Mich. Mar. 27, 2025) (citing cases).  Third, there is no indication in the pleadings that Quinones-Camacho is precluded from asserting federal claims concerning the eviction in state court.

Permitting this action to proceed would risk undue interference with the ongoing state eviction proceedings.  Accordingly, I must abstain from exercising jurisdiction over Quinones-Camacho's eviction-related claims, and he must pursue them in state court.

#### IV.    CONCLUSION

For the reasons stated above, I deny Quinones-Camacho's motion for a temporary restraining order and permanent injunction.  (Doc. No. 4).  Further, I grant Quinones-Camacho's motion to proceed *in forma pauperis*, (Doc. No. 2), and I dismiss Quinones-Camacho's complaint without prejudice. (Doc. No. 1).


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge